**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANGELIA FOWLER,

     Plaintiff,

v.                                                        Case No. 8:21-cv-01038-WFJ-AAS

EXPERIAN INFORMATION
SOLUTIONS, INC., and
PREFERRED COLLECTION AND
MANAGEMENT SERVICES, INC.,

       Defendant.                       /

**STATEMENT OF UNDISPUTED FACTS OF DEFENDANT PREFERRED**
**COLLECTION AND MANAGEMENT SERVICES, INC. IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT**

1.     In 2015, Fowler was hospitalized at St. Mary's Hospital in West Palm Beach, Florida for 32 days *Appendix B* (Fowler Depo Trans. Pg 28, line 16 to Pg 29, line 11).

2.     On December 12, 2016, the thirteen accounts at issue ("the accounts") were assigned to PCMS by Incare Medical Services, Inc. (Incare). *Appendix D* (PCMS_rep_Kiefer Depo Trans.,Pg 12, lines 4-6). *See also Appendix F (Affidavit of Incare Medical Services, Inc.,* Pg 1-2, ⊮8, and Exhibit "A"). PCMS was assigned the accounts until they were recalled by Incare in March 2021. *Appendix F (Affidavit of Incare Medical Services, Inc.,* Pg 1-2, ⊮8).

3.     That Incare Medical Services, Inc. was a medical billing service for "rounding physicians" at St. Mary's Hospital. *Appendix D* (Kiefer Deposition Trans. Pg 10, Lines 12-18); *see also Appendix F (Affidavit of Incare Medical Services, Inc. representative of Raj Shah*, Pg 1 ⊮ 5).

4.     The business records of PCMS show that the validation of debt notice were sent to Fowler on each of the accounts assigned by Incare Medical Services, Inc. on December 27, 2016. *Appendix D (PCMS_rep_Kiefer Depo Trans.*, Pg 12, lines 6-9) PCMS also attempted to reach Fowler via telephone in 2017 on the following dates: January 25, 26, 27, 30 and August 7.; Id., Pg 17, lines 9-12; *see also Appendix A Defendant PCMS's*

*Answers to Plaintiff's Interrogatories* #4)

5.    PCMS does not retain copies of the validation of debt notice letters sent in December 2016. *Appendix D* (PCMS_rep_Kiefer Depo Trans., Pg 12, lines 11-19)

6.    In May 2017, PCMS began credit reporting the Incare accounts with Experian and Equifax. *Appendix D* (PCMS_rep_Kiefer Depo Trans., Pg 17, lines 13-19).  In October 2017 Fowler first disputed the thirteen accounts PCMS reported to Experian.  *Appendix B (Fowler Depo Trans.* Pg 54, lines 21 to Pg 55, line 12).  The thirteen accounts were disputed online in October 2017.

7.    PCMS's business records reflect that Fowler disputed the Incare accounts assigned to PCMS and reporter to Experian and Equifax as follows:

| Stipulated Dispute History | | | | | | |
|---|---|---|---|---|---|---|
| Incare Account # (Redacted) | Charge Detail Service Provider Name | PCMS # (Redacted) | 10/25/17 Equifax disputes | 10/26/17 Experian disputes | 5/8/19 Experian disputes | 2/12/21 Experian Disputes |
| XXX584 | Kumar, Mukesh | 3116 | X | | | |
| XXX519 | Kumar, Mukesh | 3128 | X | | | |
| XXX315 | Kumar, Mukesh | 3160 | X | | | |
| XXX412 | Kumar, Mukesh | 3181 | X | | | |
| XXX321 | Kumar, Mukesh | 3218 | X | | | |
| XXX964 | Shah, Sheela R | 3250 | X | | | |
| XXX758 | Jumapao, Azucena | 3280 | X | | | |
| XXX472 | Robinson, Domain | 3323 | X | X | X | |
| XXX646 | Robinson, Domain | 3344 | X | X | X | |
| XXX480 | Hoosien, Ebrahim | 3378 | X | X | X | |
| XXX333 | Hoosien, Ebrahim | 3418 | X | X | X | |
| XXX225 | Hoosien, Ebrahim | 3444 | X | X | X | |
| XXX059 | Hoosien, Ebrahim | 3484 | X | X | X | |
| XXX693 | Jumapao, Azucena | 3676 | X | | | |
| XXX685 | Jumapao, Azucena | 3712 | X | | | |
| XXX671 | Jumapao, Azucena | 3735 | X | | | |
| XXX505 | Ahmed, Jahangir | 3776 | X | | | |
| XXX428 | Ahmed, Jahangir | 3801 | X | | | |
| XXX371 | Ahmed, Jahangir | 3832 | X | | | |
| XXX320 | Ahmed, Jahangir | 3877 | X | | | |
| XXX102 | Kumar, Mukesh | 3925 | X | | | |
| XXX982 | Ahmed, Jahangir | 3963 | X | X | X | X |
| XXX822 | Shah, Sheela R | 3990 | X | X | X | X |
| XXX732 | Shah, Sheela R | 4019 | X | X | X | |

| XXX799 | Shah, Sheela R | 4039 | X | X | X | |
|--------|----------------|------|---|---|---|---|
| XXX600 | Shah, Sheela R | 4071 | X | X | X | |
| XXX915 | Hoosien, Ebrahim | 4632 | X | X | X | |
| XXX844 | Shah, Sheela R | 4650 | X | X | X | |

8. On November 9, 2017, PCMS responded to the 13 accounts disputed by Fowler with Experian on or around October 26, 2017. *See Appendix A (PCMS's Answers to interrogatories From Fowler*, Int. Answer #4); *see also Appendix C (Affidavit of Preferred Collection and Management Services, Inc. Employee Odalys Diaz*, Pg 2, ℙ 5, and Pg 2 of Exhibit "A" attached to the affidavit)

9. The thirteen accounts disputed with Experian and received by PCMS on October 26, 2017, were dispute code 001 "Not His/Hers." see also *Appendix D* (PCMS_rep_Kiefer Depo Trans.,Pg 18, lines 2-13); *see also Appendix C (Affidavit of Preferred Collection and Management Services, Inc. Employee Odalys Diaz*, Pg 2, ℙ 5, and Pg 1 of Exhibit "A" attached to the affidavit). , Odalys Diaz, received the ACDVs and responded to disputes after reviewing PCMS's internal records to confirm that Fowler's information matched the credit file. Id. at Pg 2 ℙ 6, Pg 3 ℙ 9. The accounts were marked as disputed by the consumer. *Appendix D* (PCMS_rep_Kiefer Depo Trans., Pg 30, lines 17-23).

10. The twenty-eight accounts disputed with Equifax on October 25, 2017, were dispute code 001 "Not His/Hers." *see also Appendix C (Affidavit of Preferred Collection and Management Services, Inc. Employee Odalys Diaz*, Pg 2, ℙ 5, and Pg 2 of Exhibit "A" attached to the affidavit)

11. The thirteen accounts disputed with Experian on May 8, 2019, were dispute code 112 "Claims inaccurate information. Did not provide specific dispute. Provide complete ID and verify account information." *see also Appendix C (Affidavit of Preferred Collection and Management Services, Inc. Employee Odalys Diaz*, Pg 3, ℙ 7, and Pg 1 of Exhibit "A" attached to the affidavit)

12. The two accounts disputed with Equifax on February 12, 2021, were dispute code 001 "Not His/Hers." *see also Appendix C (Affidavit of Preferred Collection and Management Services, Inc. Employee Odalys Diaz*, Pgs 3-4, ℙ 12, and Pg 1 of Exhibit "A" attached to the affidavit)

13. Fowler mailed written letters to PCMS and Experian dated May 18, 2019. A true and correct copy of the May 18, 2019, letter mailed to PCMS is attached as exhibit 6 to Fowler's deposition ("the May 18, 2019, Letter"), and as

14. PCMS received the May 18, 2019, Letter via the e-OSCAR dispute of the debt by Fowler to Experian on May 8, 2019. *Appendix D* (PCMS_rep_Kiefer Depo Trans., Pg 22, lines 6-16). The May 18, 2019, Letter claimed a HIPAA violation, specifically stating that she did not give permission to exchange her PHI. *See Appendix A (PCMS's Answers to interrogatories From Fowler*, Int. Answer #4)

15. PCMS received the May 18, 2019, Letter by certified mail by PCMS on May 28, 2019, and uploaded to Fowler's account. *Appendix D* (PCMS_rep_Kiefer Depo Trans., Pg 22, lines 6-9)

16. PCMS received another copy of the May 18, 2019, Letter by certified mail on June 10, 2019. *Appendix D* (PCMS_rep_Kiefer Depo Trans., Pg 22, lines 17-23)

17. A true and correct copy of the letter Fowler sent to Experian dated January 28, 2021, is attached as exhibit 7 to Fowler's deposition.

18. On April 30, 2021, Fowler filed suit against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and PCMS for alleged violations of the Fair Credit Reporting Act (15 U.S.C. §§1681-1681x) (FCRA) related to credit reporting of past due accounts by PCMS to Experian.

19. Fowler's only claim against PCMS is that it violated 15 U.S.C. § 1681s-2(b) of the FCRA (Doc. #1, Pgs. 6-7, ¶¶ 37-41).

20. Fowler's actual damages are limited to a) loss of credit, b) loss of ability to purchase and benefit from credit, c) increased insurance rates, d) increased interest rates and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials. (Doc. #1, Pgs. 6-7, ¶ 39).

21. During part of 2019, Fowler worked for a credit repair association. *Appendix B (Fowler Depo Trans*. Pg 5, lines 17-25). The company was called VCC Consulting. *Id.* at Pg 18, lines 4-9, and Pg 126, lines 6-8, Pg 127, lines 12-14). Fowler's employment with VCC was for a couple of months in "sometime in 2019." *Id.* at Pg 127, lines 7-13.

22. While employed at VCC sometime in 2019, Fowler had access to a 360- page manual used by VCC to assist consumers with credit reporting issues. *Appendix B (Fowler Depo Trans*. Pg 19, lines 4-16). The manual provided information on submitting a dispute. Id. at Pg 126, lines 17-18.

23. Fowler's job with VCC Consulting included showing consumers contacting VCC them when they needed to dispute something on their credit, and the steps that they should probably take, following up, *Appendix B (Fowler Depo Trans*. Pg 126, lines 15-16), and keeping the dispute "in play." Id. at Pg 18, line 16.

24. When Fowler spoke consumers contacting VCC it was usually by phone and sometimes via zoom and would screen share how to dispute and showed them sample letters and responses. *Appendix B (Fowler Depo Trans*. Pg 127, lines 2-6).

25. Fowler prepared each of the disputes online as to the accounts reported by PCMS. *Appendix B (Fowler Depo Trans*. Pg 127, lines 24-25). Fowler followed a link on Experian.com to initiate the disputes online. *Id.* at Pg 129, lines 20 to Pg 130, line 11. Fowler used a drop-down menu to select one of the generic disputes, *Appendix B (Fowler Depo Trans*. Pg 130, lines 12-21) including "this debt is not mine." *Id.* at Pg 130, lines 24-25.

26. Fowler was unemployed in 2015 due to illness and did not return to work until August 2016. *Appendix B (Fowler Depo Trans*. Pg 15, lines 5-19).

27. Fowler had received her license to sell insurance in November 2017 and she applied for the insurance sales position at Mass Mutual. *Appendix B (Fowler Depo Trans*. Pg 88, lines 4-20) (See Fowler Deposition Trans. Pg 88, lines 4-20).

28. Fowler applied for a job with Mass Mutual Insurance in November 2017, (Fowler Depo Trans. Pg 84, lines 13-15). Fowler was denied employment because a VP basically told her "sorry, your credit file precludes me being able to make an employment offer." *Appendix B (Fowler Depo Trans*. Pg 84, lines 4-21). Fowler did not remember the name of the VP who told her. *Id.* at Pg 84, lines 22-24. Fowler testified that they did not mention Preferred Collections accounts but instead told her "open collections." Id. Pg 87, lines 12-14.

29. Fowler also applied for employment with the Small Business Administration SBA. She did not recall when she applied but it was "whenever that horrific storm hit Puerto Rico." (Fowler Depo Trans. Pg 83, lines 17-20)

30. Fowler received no documents from either the SBA or Mass Mutual that told her that she was denied employment. *Appendix B (Fowler Depo Trans*. Pg 88, lines 4-20) (See Fowler Deposition Trans. Pg 85, lines 12-16).

31. There were no other employment applications denied. *Appendix B (Fowler Depo Trans*. Pg 88, lines 4-20) (See Fowler Deposition Trans. Pg 83, lines 11-16).

32. Fowler applied for automobile insurance in 2019. (Fowler Depo Trans. Pg 89, lines 10-11).

33. Fowler was not denied coverage but was approved with a higher rate. *Appendix B (Fowler Depo Trans*. Pg 89, lines 12-15).

34. Fowler has no documentation stating that the rate she was quoted was more due to her credit, rather she explained when asked :
Q. How do you know that the rate for which you were approved was higher than what you would have gotten? Did you apply for a Specific rate?
A. I have been driving since I was 16 years old. I'm now 64. So that gives me experience as a seasoned driver. Okay. Now, the only parameters that you are judged by on insurance are your credit and your driving record. There are some times they use your zip code. But, you know, all of those things factor into the rates that you will pay. And your credit is a factor in that choice that they make.
Q. So how do you know that the rate you were charged is higher than –
A. Because I know what someone who is basically the same age, same type of demographic, what they're paying, as to what -- as opposed to what I'm paying.
Q. Did Progressive ever give an explanation for why the rate was supposedly higher?
A. Progressive -- or most insurance companies do not give an explanation. They simply give you a rate and what it's based on.

*Appendix B (Fowler Depo Trans*. Pg 89, lines 16 through Pg. 90, line 11)

35.    Fowler's driving record reflected an at-fault accident which had been three years before the application with Progressive which "was no longer considered." *Appendix B (Fowler Depo Trans*. Pg 91, lines 3-5).

36.    None of Fowler's existing credit accounts were closed because of her credit status. *Appendix B (Fowler Depo Trans*. Pg 93, lines 17-25).

37.    Fowler explained that her allegation that she "suffered loss of credit" did not mean that any credit she had was not lost and no accounts were closed. *Appendix B (Fowler Depo Trans*. Pg 93, lines 17-21).

38.    Fowler's claim that she paid higher interest on a credit card with First Progess which she applied for in 2017. *Appendix B (Fowler Depo Trans*. Pg 95, lines 1-17).

39.    No lender ever told Fowler that she was being charged higher interest rates based upon Experian's credit reporting. *Appendix B (Fowler Depo Trans*. Pg 97 line 18 through 98, line 5).

40.    Fowler has no documentation to show the difference between the interest rates that were available to her before PCMS accounts appeared on her credit report. *Appendix B (Fowler Depo Trans*. Pg 97, lines 7-11).

41.    Fowler as a result of her credit situation her emotional pain, anguish and humiliation manifested in the form of  PTSD.  *Appendix B (Fowler Depo Trans*. Pg 102, lines 2-6).

42.    Fowler disputed other accounts on her credit file in November 2017 at the same time that she disputed the accounts with PCMS.  See *Appendix B (Fowler Depo Exh. 2,* Pg 1-2, 4, 6-8).

43.    Fowler disputed other accounts on her credit file in May 2019 at the same time that she disputed the accounts with PCMS.  See *Appendix B (Fowler Depo Exh. 4,* Pg 1-2, 16).

Dated: January 7, 2022.

By:    /s/ Robert A. Vigh
ROBERT A. VIGH
FBN: 0991902
Trial Counsel
SOLOMON, VIGH & SPRINGER, P.A.
P.O. BOX 3275
TAMPA, FL 33601-3275
(813) 229-0115
rvigh@svslawfirm.com  (primary)
Robvigh@gmail.com (secondary)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 7, 2022, I electronically filed the foregoing document with the clerk of the court using CM/ECF, and that a Notice of Electronic Filing of the foregoing has been generated and is being served upon all counsel of record this date.

By:      /s/ Robert A. Vigh
         ROBERT A. VIGH
         FBN: 0991902