# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

ANGELIA FOWLER,

     Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., and
PREFERRED COLLECTION AND
MANAGEMENT SERVICES, INC.,

     Defendant.

_____/

Case No:

Plaintiff's Ex. 1
11/29/2021 RG

**EXHIBIT**

**1**

## COMPLAINT

Plaintiff, Angelia Fowler ("Plaintiff" or "Fowler"), by and through her undersigned counsel, hereby files this Complaint against Defendants, Experian Information Solutions, Inc. and Preferred Collection and Management Services, Inc. d/b/a The Preferred Group of Tampa (collectively as "Defendants"), and states as follows in support thereof:

### NATURE OF ACTION

1. This action for statutory, actual and punitive damages, costs and attorney's fees brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1681(p).

3. The Middle District of Florida, Tampa Division is the proper venue for this action pursuant to 28 U.S.C. §1391(b)(2) because this is the District and Division in which a substantial part of the events or omissions giving rise to the claims occurred.

### PARTIES

4. At all times relevant, Plaintiff has been and continues a resident of Palm Beach

County, Florida and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant Preferred Collection and Management Services, Inc. d/b/a The Preferred Group of Tampa ("PCMS") is a Florida corporation with its principal office address in Tampa, Florida.

6. At all times material, PCMS is a person who furnishes information to credit reporting agencies as provided in 15 U.S.C. § 1681s-2.

7. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal office address in Costa Mesa, California. Defendant Experian is subject to the jurisdiction of this Court as it transacts business in this District.

8. At all times material, Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

9. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

10. At all times material, Defendants acted themselves or through their agents, employees, third-party vendors, officers, members, directors, successors, assigns, principals, trustees, subrogees, representatives, and insurers.

## STATEMENT OF FACTS

11. On or around May 18, 2019, Plaintiff pulled a credit report from Experian and found that Experian was inaccurately reporting at least 13 different accounts associated with Defendant PCMS ("the PCMS Accounts") as belonging to her.

12. The representation of Defendant Experian regarding the PCMS Accounts was false, as Plaintiff is not responsible for the PCMS Accounts and was never treated by the medical provider associated with these accounts, Incare Medical Services, Inc.

2

13. On May 18, 2019, Plaintiff sent a letter to PCMS disputing that she was the owner of/responsible for the PCMS Accounts, advising PCMS that she was never treated by the medical provider associated with these accounts, and asking PCMS for information verifying its claim that the PCMS Accounts were her responsibility, including any original documentation.

14. PCMS never responded to Plaintiff's May 18, 2019, dispute letter.

15. Around the same time (May 18, 2019), Plaintiff sent a letter to Experian disputing that she was the owner of the PCMS Accounts.

16. On May 27, 2019, Experian responded to Fowler's dispute claiming that information disputed has been "updated" but continued to list 13 PCMS Accounts as "collection" accounts which each have a past due amount of $476.00.

17. On January 28, 2021, Plaintiff sent a letter to Experian again disputing that she was the owner of/responsible for the PCMS Accounts, advising Experian that she was never treated by the medical provider associated with these accounts, and asking Experian for information verifying its claim that the PCMS Accounts were her responsibility, including any original documentation.

18. February 28, 2021, Experian responded to Fowler's dispute claiming that that information disputed regarding 2 of the 13 disputed PCMS Accounts has been "verified as accurate" but provided no information supporting that finding and continued to list 13 PCMS Accounts as "collection" accounts which each have a past due amount of $476.00. Experian again provided the same response to Fowler on March 5, 2021.

19. On Fowler's annual credit report from Experian on March 11, 2021, Experian continued to list 13 PCMS Accounts as "collection" accounts which each have a past due amount of $476.00.

20. Despite her disputes to Defendant Experian, it continues to list negative reports regarding the 13 different PCMS Accounts even though these accounts are not the responsibility of Fowler.

21. Upon the Plaintiff's request for verification and deletion, and in accordance with their standard procedures, Defendants Experian and PCMS did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the PCMS Accounts.

22. As a result of Defendants' conduct, Plaintiff has been damaged.

23. As a result of Defendants' conduct, Plaintiff suffered loss of credit; loss of the ability to purchase and benefit from credit; increased insurance rates; increased interest rates; and the mental and emotional pain, anguish, humiliation, and the embarrassment of credit denials.

24. As a result of the foregoing, Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel a reasonable attorney's fee.

## COUNT I - FAILURE TO REINVESTIGATE AGAINST EXPERIAN

25. Plaintiff repeats each and every allegation of Paragraphs 1 through 24 as fully set forth herein at length.

26. Defendant Experian failed to conduct a reasonable reinvestigation of the information in Plaintiff's credit file after receiving actual notice of inaccuracies; failed to delete inaccurate information upon actual notice of inaccuracies; failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and relied upon verification from a source it has reason to know is unreliable, in violation of 15 U.S.C. § 1681i.

27. Defendant Experian's conduct, action, and inaction was willful, or, in the alternative, negligent.

28. Plaintiff was harmed by Defendant Experian's conduct, action, and inaction.

4

**WHEREFORE**, Plaintiff respectfully requests the following relief:

      (a)    Appropriate statutory penalties for each violation of the FCRA;
      (b)    Actual damages;
      (c)    Punitive damages;
      (d)    Reasonable attorney's fees and the costs of this litigation;
      (e)    Pre-judgment and post-judgment interest at the legal rate;
      (f)    Appropriate equitable relief, including the correction of Plaintiff's credit score; and
      (g)    Such other relief as the Court deems equitable, just, and proper.

## COUNT II - FAILURE TO ASSURE ACCURACY AGAINST EXPERIAN

29.    Plaintiff repeats each and every allegation of Paragraphs 1 through 24 as fully set forth herein at length.

30.    Defendant Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files maintained and published concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b).

31.    Defendant Experian's conduct, action, and inaction was willful, or, in the alternative, negligent.

32.    Plaintiff was harmed by Defendant Experian's conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

      (a)    Appropriate statutory penalties for each violation of the FCRA;
      (b)    Actual damages;
      (c)    Punitive damages;
      (d)    Reasonable attorney's fees and the costs of this litigation;
      (e)    Pre-judgment and post-judgment interest at the legal rate;
      (f)    Appropriate equitable relief, including the correction of Plaintiff's credit score; and
      (g)    Such other relief as the Court deems equitable, just, and proper.

## COUNT III - REPORTING INFORMATION WHICH IT CANNOT VERIFY AGAINST EXPERIAN

33.    Plaintiff repeats each and every allegation of Paragraphs 1 through 24 as fully set forth herein at length.

34.    Defendant Experian failed to delete the negative reports regarding the at least 13

5

different PCMS Accounts it is inaccurately reporting as belonging to Plaintiff from the credit report and credit files maintained and published concerning Plaintiff after a reinvestigation would have found the PCMS Accounts as not belonging to her, in violation of 15 U.S.C. § 1681i(a)(5).

35. Defendant Experian's conduct, action, and inaction was willful, or, in the alternative, negligent.

36. Plaintiff was harmed by Defendant Experian's conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;
(b) Actual damages;
(c) Punitive damages;
(d) Reasonable attorney's fees and the costs of this litigation;
(e) Pre-judgment and post-judgment interest at the legal rate;
(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and
(g) Such other relief as the Court deems equitable, just, and proper.

## COUNT IV – VIOLATION OF 15 U.S.C. §1681s-2(b) AGAINST PCMS

37. Plaintiff realleges and incorporates paragraphs 1 through 24 above as if fully set out herein.

38. Defendant PCMS violated 15 U.S.C. § 1681s-2(b) by continuing to inaccurately represent within Plaintiff's credit file that at least 13 different PCMS Accounts were Plaintiff's accounts; by failing to fully and properly investigate the Plaintiff's dispute of responsibility for the PCMS Accounts; by failing to review all relevant information regarding same; by modifying and failing to accurately report the actual date of the delinquency; by failing to correctly report results of an accurate investigation to consumer reporting agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information regarding the PCMS Accounts to the consumer reporting agencies.

39. As a result of this conduct, action and inaction of Defendant PCMS, the Plaintiff suffered damages of loss of credit; loss of the ability to purchase and benefit from credit; increased

insurance rates; increased interest rates; and the mental and emotional pain, anguish, humiliation, and the embarrassment of credit denials.

40. Defendant PCMS's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

41. The Plaintiff is entitled to recover costs and attorney's fees from Defendant PCMS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;
(b) Actual damages;
(c) Punitive damages;
(d) Reasonable attorney's fees and the costs of this litigation;
(e) Pre-judgment and post-judgment interest at the legal rate;
(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and
(g) Such other relief as the Court deems equitable, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all counts so triable.

Date: April 30, 2021

Respectfully Submitted,

*/s/ Dennis A. Creed, III*
Bradley R. Hall, Esq.
Florida Bar No.: 26172
Email: bhall@creedlawgroup.com
Dennis A. Creed, III, Esq.
Florida Bar No. 0043618
Email: dcreed@creedlawgroup.com
Creed Law Group, PLLC d/b/a
Creed & Hall
13043 West Linebaugh Avenue
Tampa, FL 33626
Telephone: (813) 444-4332
Fax: (813) 441-6121

and

7

/s/ Christopher W. Boss
BOSS LAW
Christopher W. Boss, Esq.
Fla. Bar No.: 13183
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Email: cpservice@protectyourfuture.com

*Attorneys for Plaintiff*