## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANGELIA FOWLER,

     Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC. and PREFERRED
COLLECTION AND MANAGEMENT
SERVICES, INC.,

     Defendants.

Case No. 8:21-cv-01038-WFJ-AAS

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
### MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 56, Defendant Experian Information Solutions, Inc. ("Experian"), through undersigned counsel, files this Motion for Summary Judgment.  Experian's request for summary judgment on all of Plaintiff Angelia Fowler's ("Plaintiff") claims is based on the incorporated memorandum of law, the Statement of Undisputed Facts filed concurrently herewith, the declarations and exhibits attached thereto, and all papers filed in this action.

### INTRODUCTION

This is an untimely and otherwise baseless lawsuit against Experian. Summary judgment is warranted for three independent reasons.

*First*, although Plaintiff *discovered and disputed* collection accounts with

- 1 -

Preferred Collection and Management Services, Inc. ("PCMS") that were reporting on her Experian credit file in *2017*, she did not file suit until *April 2021*. Thus, Plaintiff's claims are barred by the FCRA's 2-year statute of limitations.

*Second*, even if Plaintiff's claims were not time-barred, all her claims fail for the independent reason that she cannot establish that Experian's reporting of the PCMS accounts was "factually inaccurate"—a threshold element of her claims under 15 U.S.C. §§ 1681e(b), 1681i(a). The record shows that Plaintiff received medical services from "rounding physicians" at St. Mary's Medical Center, and that these physicians outsourced to non-party Incare Medical Services, Inc. ("Incare")—a company that performs medical billing services—the responsibility to collect payment for the services rendered to Plaintiff. The record also shows that, after Plaintiff did not pay for the services she received, Incare assigned the accounts to PCMS, who in turn reported the collection accounts to Experian. In other words, the evidence establishes that Plaintiff incurred the debts reflected in the collection accounts reported to Experian by PCMS. Therefore, Experian's reporting is factually accurate.

*Third*, even assuming Plaintiff could overcome the statute of limitations, show Experian's reporting was inaccurate, *and* establish all the other essential elements of her § 1681e(b) and § 1681i(a) claims (she cannot), she still fails to adduce competent evidence of actual damages to support her negligence theory,

much less establish that Experian willfully violated the FCRA.

Under any of these three separate and independent bases, the Court may grant summary judgment to Experian on all of Plaintiff's claims.

## FACTUAL BACKGROUND

### A.   Plaintiff's Collection Accounts

In November 2015, Plaintiff was admitted at St. Mary's Medical Center ("St. Mary's") in West Palm Beach, Florida, where she stayed for thirty-two days while receiving treatment for pneumonia. *See* Statement of Undisputed Facts ("SOUF") at ¶ 4. While admitted at St. Mary's, Plaintiff received medical services from "rounding physicians" on 28 different days between November 15, 2015 and December 14, 2015. *Id.* at ¶ 5. These rounding physicians[1] outsourced to non-party Incare—a company that performs medical billing services—the responsibility to collect payment for the medical services rendered to Plaintiff. *Id.* at ¶ 6. In performing its billing services on behalf of the rounding physicians, Incare created 28 accounts—one for each of the 28 days that Plaintiff received medical services from the rounding physicians while at St. Mary's. *Id.* at ¶ 7.

Plaintiff never paid Incare for the medical services she received from the

---

[1] Plaintiff received medical services from Dr. Sheela R. Shah, Dr. Jahangir Ahmed, Dr. Mukesh Kumar, Dr. Domain Robinson, Dr. Ebrahim Hoosien, and Dr. Azucena Jumapao. *See* Declaration of Kyle J. Maury ("Maury Decl."), **Exhibit E** at ¶ 5 & Exhibit B, which accompanies Experian's Statement of Undisputed Facts, filed concurrently herewith.

rounding physicians and, on December 12, 2016, Incare assigned the 28 accounts to PCMS for collection from Plaintiff. *Id.* at ¶¶ 8–9. At the time of assignment, Incare provided PCMS with certain information related to each account, including Plaintiff's name, date of birth, Social Security Number, and current address, as well as the dates of services and the outstanding balances due. *Id.* at ¶ 10.

In May 2017, PCMS began reporting to Experian the debts Plaintiff incurred related to the unpaid medical services she received from the rounding physicians at St. Mary's. *Id.* at ¶ 11. At that time, PCMS provided Experian with certain identifying information for Plaintiff, including her name, date of birth, Social Security Number, and current address. *Id.* at ¶ 12. This identifying information matched the existing information that Experian had on file for Plaintiff, and was factually accurate. *Id.* at ¶¶ 13, 15. Experian then displayed the PCMS accounts on Experian's credit file for Plaintiff (the "PCMS Accounts"). *Id.* at ¶ 14. The PCMS Accounts identified Incare as the "original creditor" of the debts. *Id.* at ¶ 16.

### B.  Plaintiff Discovered and Disputed the PCMS Accounts in 2017

In 2017, Plaintiff discovered the PCMS Accounts were reporting on her Experian credit file. *Id.* at ¶ 18. At that time, Plaintiff went on Experian's website and disputed the PCMS Accounts online. *Id.* at ¶ 19.

On October 25, 2017, each PCMS account was reporting in "collection" status, and identified "INCARE MEDICAL SERVICES INC." as the "original

- 4 -

creditor." *Id.* at ¶ 17. The same day, in response to Plaintiff's online dispute, Experian submitted Automated Credit Dispute Verifications ("ACDVs") to PCMS, which requested that PCMS investigate and verify the accuracy of the PCMS Accounts. *Id.* at ¶ 20. After receiving PCMS's ACDV responses, Experian updated the reporting of the PCMS Accounts and then, on November 16, 2017, mailed Experian's reinvestigation results to Plaintiff, which informed her that the PCMS Accounts were verified accurate and updated. *Id.* at ¶ 21. Plaintiff received Experian's November 16, 2017 reinvestigation results of her disputes of the PCMS Accounts. *Id.* at ¶ 22.

More than 17 months later, on May 28, 2019, Plaintiff disputed the PCMS Accounts for a second time. *Id.* at ¶ 24. On May 16, 2019—same as on November 16, 2017—each PCMS account was reporting in "collection" status, and identified "INCARE MEDICAL SERVICES INC." as the "original creditor." *Id.* at ¶ 23.

More than 20 months after that, on January 28, 2021, Plaintiff disputed the PCMS Accounts for a third time. *Id.* at ¶ 26. On that day—and again, same as on November 16, 2017—each PCMS account was reporting in "collection" status, and identified "INCARE MEDICAL SERVICES INC." as the "original creditor." *Id.* at ¶ 25.

In response to each dispute, Experian initiated its reinvestigation processes and sent Plaintiff the results of Experian's reinvestigations of the PCMS Accounts.

*Id.* at ¶ 27.  Each time, Plaintiff received Experian's reinvestigation results, which verified Experian's reporting as accurate.  *Id.* at ¶ 28.

### C.      Plaintiff Finally Filed Suit in 2021

On April 30, 2021, Plaintiff initiated this lawsuit, her first under the FCRA, SOUF at ¶ 2, and asserted three claims against Experian.  In Count II, Plaintiff alleges Experian violated § 1681e(b) by reporting on her credit file the PCMS Accounts, which Plaintiff believes are "inaccurate" on grounds that she "is not responsible for the PCMS Accounts." *Id.* at ¶ 3.  In Counts I and III, Plaintiff alleges Experian violated § 1681i(a) by failing to conduct reasonable reinvestigations of the disputes of the PCMS Accounts.  (D.E. 1.)

### LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "[A] 'mere scintilla of evidence' cannot suffice to create a genuine issue of material fact." *Hinson v. Bias*, 927 F.3d 1103, 1115 (11th Cir. 2019) (quoting *Anderson*, 477 U.S. at 252).

"Summary judgment for a defendant is appropriate when the plaintiff 'fails to make a sufficient showing to establish the existence of an element essential to

[her] case, and on which [she] will bear the burden at trial.'"  *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  Thus, "[i]f the non-movant . . . fails to adduce evidence which would be sufficient . . . to support a jury finding for the non-movant, summary judgment may be granted."  *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370 (11th Cir. 1997).

## **LEGAL ARGUMENT**

Plaintiff alleges that Experian violated § 1681e(b) and § 1681i(a) by (1) inaccurately reporting the PCMS Accounts (Count II), and (2) failing to conduct reasonable reinvestigations of Plaintiff's disputes of the PCMS Accounts (Counts I and III).  The gravamen of Plaintiff's complaint is that Experian's reporting of the PCMS Accounts is "inaccurate" because she believes that she "is not responsible for the PCMS Accounts."  (*See* D.E. 1 at ¶ 12.)  These claims fail for three separate and independent reasons.

***First***, because Plaintiff discovered and disputed the PCMS Accounts as early as ***2017***, her claims, filed for the first time in ***April 2021***, are barred by the FCRA's 2-year statute of limitations.

***Second***, the record establishes a direct link between the medical services rendered to Plaintiff by the rounding physicians at St. Mary's, the corresponding accounts created for billing by Incare on behalf of the rounding physicians, the

assignment of those accounts from Incare to PCMS for collection when they went unpaid, and the reporting of those collection accounts by PCMS to Experian. Therefore, Experian's reporting of the PCMS Accounts was factually accurate.

***Third***, the FCRA is not a strict liability statute. *See Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991). Thus, even if Plaintiff could overcome the statute of limitations, show Experian's reporting was inaccurate, ***and*** establish all the other essential elements of her § 1681e(b) and § 1681i(a) claims, her claims still fail as a matter of law. As Plaintiff conceded at her deposition, Experian did not willfully violate the FCRA, and Plaintiff proffers nothing more than generic and conclusory statements of actual damages.

For each of these independent reasons, Experian respectfully asks the Court to grant this motion and enter summary judgment for Experian on all claims.

## I.   Plaintiff's Claims Are Time-Barred Because She Filed Suit More Than 3 Years After Discovering and Disputing the PCMS Accounts

Actions under the FCRA must be brought within the earlier of 2 years after a consumer discovers a violation creating liability, or 5 years after the date on which the violation occurred. 15 U.S.C. § 1681p. Because Plaintiff discovered that the PCMS Accounts were reporting on her Experian credit file in ***2017***, her § 1681e(b) and § 1681i(a) claims, filed in ***April 2021***, are barred by the 2-year statute of limitations. Experian is thus entitled to summary judgment on all claims.

For her § 1681e(b) claims, the 2-year limitations period starts when the

- 8 -

consumer "becomes aware that his or her credit information is being reported inaccurately, demonstrated by the [consumer]'s dispute of the information with a consumer reporting agency." *Bailey v. Equifax Credit Info. Servs., Inc.*, 2016 WL 11540113, at *1, *15–16 (N.D. Ga. Nov. 28, 2016).  And for her § 1681i(a) claims, FCRA liability arises when a consumer reporting agent ("CRA") allegedly "violate[s] its duty under the FCRA to reinvestigate." *Parker v. Parker*, 124 F. Supp. 2d 1216, 1222 (M.D. Ala. 2000) (quoting *Williams v. Colonial Bank*, 826 F. Supp. 415, 419 (M.D. Ala. 1993), *aff'd*, 29 F.3d 641 (11th Cir. 1994)).  Because a CRA must reinvestigate a dispute within 30 days of receiving the dispute, § 1681i(a)(1)(a), "liability arises under 1681i thirty days after the [CRA] receives notice of the dispute[]." *Rizvi v. Experian*, No. 20-14148-CIV, 2021 WL 3727885, at *9 (S.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, 2021 WL 3726223 (S.D. Fla. Aug. 23, 2021).

Here, Plaintiff filed her complaint on April 30, 2021, alleging that Experian violated § 1681e(b) by reporting the purportedly inaccurate PCMS Accounts on her credit file.  Thus, any claims that arose on or before April 30, 2019 are barred by the FCRA's statute of limitations.  The undisputed evidence shows that Plaintiff knew the PCMS Accounts were reporting on her Experian credit file as early as November 2017—more than three years before filing suit.  Indeed, Plaintiff testified at her deposition that she discovered the PCMS Accounts around

November 2017.  *See* SOUF at ¶ 18.  Plaintiff further testified that, at that time, she went on Experian's website and disputed the PCMS Accounts.  *Id.* at ¶ 19.  And the record shows that, in response to Plaintiff's dispute, Experian submitted ACDVs to PCMS on October 25, 2017, and requested that PCMS investigate and verify the accuracy of the PCMS Accounts.  *Id.* at ¶ 20.  Thus, Plaintiff's § 1681e(b) claim accrued no later than October 2017, when she first disputed the PCMS Accounts.  *See Bailey*, 2016 WL 11540113, at *1, *15–16.

After receiving PCMS's ACDV responses, Experian updated the reporting of the PCMS Accounts and then, on November 16, 2017, mailed Experian's reinvestigation results to Plaintiff, which informed her that the PCMS Accounts were verified as accurate and updated.  SOUF at ¶ 21.  Plaintiff testified that she received the November 16, 2017 reinvestigation results.  *Id.* at ¶ 22.  Thus, Plaintiff's § 1681i(a) claim accrued no later than December 2017.  *Rizvi*, 2021 WL 3727885, at *9.

Although all her FCRA claims accrued in 2017, Plaintiff waited more than three years to file this lawsuit suit.  Therefore, Plaintiff's FCRA claims are barred by the 2-year statute of limitations.  *See Rizvi*, 2021 WL 3727885, at *10, *report and recommendation adopted*, 2021 WL 3726223 (granting summary judgment to Experian on time-barred § 1681e(b) and § 1681i(a) claims); *Stroud v. Bank of Am.*, 886 F. Supp. 2d 1308, 1321 (S.D. Fla. 2012) (granting same as to § 1681i claim).

As a result, Experian is entitled to summary judgment on all claims.[2]

To be sure, Plaintiff's § 1681i(a) claims related to her May 2019 and February 2021 disputes are time-barred because they are based on the *same* disputes of the *same* information that Experian was reporting about the PCMS Accounts in October and November 2017. *See* SOUF at ¶¶ 17–19, 21–26. Because Plaintiff's 2017 dispute of the PCMS Accounts was substantively identical to her disputes of the same PCMS Accounts in 2019 and 2021, she cannot use the 2019 and 2021 disputes to escape the FCRA's statutory time bar. *See, e.g.*, *Bittick v. Experian Info. Sols., Inc.*, 419 F. Supp. 2d 917, 919 (N.D. Tex. 2006) (dismissing FCRA claims as time-barred because additional disputes of the same allegedly inaccurate information "cannot restart the limitations clock"); *Bermudez v. Equifax Info. Servs., LLC*, 2008 WL 5235161, at *2 (M.D. Fla. Dec. 15, 2008) (granting summary judgment to CRA on FCRA claim and rejecting argument that "republication of inaccurate information" escaped statute of limitations); *Hancock v. Charter One Mortg.*, 2008 WL 2246042, at *2 (E.D. Mich. May 30, 2008) (dismissing FCRA claims, with prejudice, because "subsequent dispute letters regarding the same erroneous information do not restart of the statute of limitations clock"); *see also Solis v. CitiMortgage, Inc.*, 2018 WL 10087064, at *4 (S.D. Fla. Jan. 3, 2018) (dismissing FCRA

---

[2] Although not alleged in the Complaint, any claim brought under § 1681i(a) in relation to Plaintiff's 2017 dispute of the PCMS Accounts would also be time barred. *See Rizvi*, 2021 WL 3727885, at *9, *report and recommendation adopted*, 2021 WL 3726223.

claim, with prejudice, as time-barred because "Plaintiff's 're-dispute' of the same violations at a later date [did] not restart the statute of limitations"); *Galicia v. PlusFour, Inc.*, 2018 WL 3543039, at *3 (D. Nev. July 23, 2018) (same).

To hold otherwise would allow plaintiffs to "indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency," *Bittick*, 419 F. Supp. 2d at 919, and thus "render [the statute of limitations] a "nullity," *Blackwell v. Cap. One Bank*, 2008 WL 793476, at *3 (S.D. Ga. Mar. 25, 2008) (granting summary judgment on FCRA claim, agreeing "with the reasoning in *Bittick*," and refusing to "read the statute so as to provide such an anomalous result").

Simply put, Plaintiff's FCRA claims are barred by the statute of limitations. Experian is therefore entitled to summary judgment on all claims.

## II.    Plaintiff's FCRA Claims Fail As A Matter of Law Because Experian's Reporting Was Accurate

Even if Plaintiff could overcome the statutory time bar, her claims would still fail as a matter of law for the independent reason that Experian's reporting of the PCMS Accounts was factually accurate.  It is well established that "an accurate report is not actionable" under the FCRA.  *Erickson v. First Advantage Background Services Corp.*, 981 F.3d 1246, 1254 (11th Cir. 2020).  Indeed, to sustain either a § 1681e(b) or a § 1681i(a) claim, a plaintiff must make a threshold evidentiary showing that a CRA prepared a report containing "inaccurate" information.

- 12 -

*See Cahlin*, 936 F.2d at 1156; *Losch v. Nationstar Mortgage LLC*, 995 F.3d 937, 944 (11th Cir. 2021) (noting the elements of a § 1681i(a) claims "are the same" as a § 1681e(b) claim); *see also Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) ("[T]o sustain either a § 1681e or a § 1681i claim, a consumer must first 'make a 'prima facie showing of inaccurate reporting'' by the CRA.") (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)). Absent a showing of inaccuracy, "the reasonableness of the [CRA's] procedures turns out not to matter." *Id.* at 1251 (citing *Cahlin*, 936 F.2d at 1156). Consequently, factual accuracy is a complete defense to both § 1681e(b) and § 1681i(a) claims.

To satisfy the FCRA's accuracy requirement, a CRA must report information that is "factually true" and not objectively misleading. *Erickson*, 981 F.3d at 1252. Here, the record establishes that Experian's reporting of the PCMS Accounts was both factually true and not objectively misleading. There is no dispute that Plaintiff was admitted at St. Mary's in November 2015, where she stayed for thirty-two days while receiving treatment for pneumonia. SOUF at ¶ 4. During that time, Plaintiff received medical services from rounding physicians on 28 separate days. *Id.* at ¶ 5. Moreover, the record establishes that Incare had the authority to collect payment for the medical services rendered to Plaintiff. *Id.* at ¶ 6. When Plaintiff did not pay for her medical services, Incare assigned to PCMS the debts that Plaintiff incurred, and PCMS in turn reported those debts to Experian.

*Id.* at ¶¶ 8–9, 11.  The identification information for Plaintiff that Incare provided to PCMS matched the existing information that Experian had on file for Plaintiff. *Id.* at ¶¶ 10, 12–13.

Therefore, the record establishes a direct link between the medical services rendered to Plaintiff by the rounding physicians at St. Mary's, the corresponding accounts created for billing by Incare on behalf of the rounding physicians, the assignment of those accounts from Incare to PCMS for collection, and the reporting of those collection accounts by PCMS to Experian.  Accordingly, the evidence establishes both that Plaintiff incurred the debts reported to Experian by PCMS, and that Experian's reporting of the PCMS Accounts was factually accurate.

Despite this clear evidence, Plaintiff attempts to create fact issues where none exists.  For instance, Plaintiff states in her interrogatory responses that she "has never been a patient/customer" of Incare.  *See* Maury Decl., **Exhibit N** at Rog. Resp. No. 15.  But this is a red-herring.  Incare merely "perform[ed] medical billing services" *on behalf of* the rounding physicians that provided medical services to Plaintiff.  *See id.*, **Exhibit E** at ¶¶ 5–6, Exs. A–B.  Thus, whether Plaintiff was a *direct* patient/customer of Incare, or not, has no bearing on whether she in fact received, but did not pay for, the rounding physicians' medical services at St. Mary's. Nor does Plaintiff's statement have any bearing on whether she is obligated to pay for the medical services she received from the rounding physicians, much less

change the fact that Experian's reporting of the PCMS Accounts was factually accurate.

Plaintiff also testified that she did not recognize Dr. Sheela R. Shah as being her doctor at St. Mary's.  *Id.*, **Exhibit B** at 29:17-30:16.  Not only is Plaintiff's recognition of Dr. Shah irrelevant to whether she is obligated to pay for the medical services she received at St. Mary's, but her "lack of memory is insufficient to create a genuine dispute of fact" at summary judgment.  *Larsen v. Citibank FSB*, 871 F.3d 1295, 1308 (11th Cir. 2017); *see also, e.g.*, *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 541 (5th Cir. 2015) ("Lack of memory by itself is insufficient to create a genuine dispute of fact.").  Nor can her lack of memory overcome the evidence demonstrating that Plaintiff was treated by Dr. Shah (among other physicians), that Plaintiff incurred the debts reported to Experian by PCMS, or that Experian's reporting of the PCMS Accounts was factually accurate.

Morever, Plaintiff's assertion that she is "not responsible" for these debts is a legal determination that Experian is not required to make.  *See Sessa v. Linear Motors, LLC*, --- F. Supp. 3d. ---, 2021 WL 6052134, at *7 (S.D.N.Y. Dec. 20, 2021) (noting that "[n]umerous federal courts at both the trial and appellate levels have . . . dismissed claims against or granted summary judgment for CRAs in cases wherein creditors asserted claims of inaccuracy based on purportedly incorrect legal determinations, which influenced debt obligations") (collecting cases).

- 15 -

Indeed, Plaintiff's claims are, at most, grounded in potential legal inaccuracies, not factual ones. Such legal inaccuracies, however, are not actionable under the FCRA. *See, e.g.*, *Denan v. Trans Union LLC*, 959 F.3d 290, 295–96 (7th Cir. 2020) (affirming dismissal because plaintiffs' arguments "amount[] to non-adjudicated legal defenses to their debts"); *Humphrey v. Trans Union LLC*, 759 F. App'x 484, 488 (7th Cir. 2019) (affirming summary judgment for CRA Defendants because "CRAs are not a tribunal sitting to resolve legal disputes"); *Carvalho,* 629 F.3d at 892 (denying rehearing and rehearing *en banc* because FCRA "claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts").

In short, because the evidence shows that Plaintiff was obligated to pay for the debts reported to Experian by PCMS, Experian's reporting of the PCMS Accounts was factually accurate. Thus, Plaintiff cannot establish the threshold element of the *prima facie* case for any of her FCRA claims.

## III. Plaintiff's § 1681e(b) Claim Also Fails Because Plaintiff Cannot Establish That Experian's Procedures Were Unreasonable

Plaintiff's § 1681e(b) claim fails for the independent reason that she adduces no evidence showing Experian failed to maintain reasonable procedures in its reporting of the PCMS Accounts. The FCRA does not require that CRAs maintain error-free credit reports. Instead, a CRA is required only to maintain reasonable procedures to assure the maximum possible accuracy of information sent to third-parties. *See* § 1681e(b). Thus, a CRA "can escape liability if it establishes that an

inaccurate report was generated despite the agency's following reasonable procedures." *See Guimond*, 45 F.3d at 1333.

Here, Plaintiff cannot identify any unreasonable procedures maintained by Experian; nor does Plaintiff identify any failure by Experian to follow reasonable procedures in its reporting of the PCMS Accounts. *See* Maury Decl., **Exhibit B** at 48:17–19, 49:11–13 ("I don't know what you failed to establish, but I do know that your responses and procedures to me were lacking."). Really, Plaintiff's unreasonable procedures claim is predicated entirely on Experian's reinvestigation of her dispute. *See id.* at 48:17–19, 49:8–23 ("So I don't know what you established as far as your business model. But I just know that you didn't -- you know, you didn't investigate, you didn't validate it."). But this claim falls squarely under § 1681i, which requires that Experian respond to a consumer dispute by conducting "a reasonable reinvestigation," § 1681i(a)(1)(A)—which has nothing to do with the preparation of consumer reports sent to third parties under § 1681e(b). Furthermore, Plaintiff cannot graft § 1681e(b)'s "maximum possible accuracy" standard onto her § 1681i reinvestigation claim. Indeed, courts have repeatedly rejected such tactics. *See Swoager v. Credit Bureau of Greater St. Petersburg, Fla.*, 608 F. Supp. 972, 975 (M.D. Fla. 1985) (finding "no rationale to justify the creation of an . . . essentially redundant, statutory duty of 'maximum possible accuracy' on reinvestigation[s] . . . ."); *Yelder v. Credit Bureau of*

*Montgomery, LLC*, 131 F. Supp. 2d 1275, 1281 (M.D. Ala. 2001) ("To determine what constitutes a proper reinvestigation, federal courts have not borrowed § 1681e(b)'s standard"); *Grenier v. Equifax Credit Info. Servs.*, 892 F. Supp. 57, 59 (D. Conn. 1995) ("Plaintiff's attempt to bootstrap the requirements of § 1681e onto her § 1681i claim is without merit.").

Simply put, Plaintiff proffers no evidence that Experian failed to follow reasonable procedures in its reporting of the PCMS Accounts. For this additional reason, Experian is entitled to summary judgment on Plaintiff's § 1681e(b) claim.

## IV.   Plaintiff Cannot Establish That Experian Acted Negligently Or Willfully

It is well–settled that the FCRA "does not impose strict liability." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (citing *Cahlin*, 936 F.2d at 1156). Rather, the FCRA creates a private right of action only "for negligent or willful violations of the FCRA." *Williams v. First Adv. LNS Screening Sols. Inc.*, 947 F.3d 735, 745 (11th Cir. 2020) (citing *Cahlin*, 936 F.2d at 1156). Even assuming Plaintiff could overcome the statute of limitations bar and satisfy each required element of her FCRA claims (and she cannot[3]) her claims still fail for the independent reasons that she fails to adduce sufficient evidence of actual damages

---

[3] Thus, Plaintiff's willfulness claims necessarily fail. *See Erickson*, 981 F.3d at 1250 ("Because we conclude that [defendant] did not violate the Act, there can be no willful violation; nor can there be any actionable reputational harm."); *Pagazani v. Equifax Info. Servs., LLC*, 2016 WL 2997586, at *4 n.7 (S.D. Fla. May 25, 2016) (granting summary judgment to CRA on willfulness claim where CRA "did not violate the FCRA").

necessary to sustain her negligence claim, much less show that Experian willfully violated the FCRA.

### A.   <u>**Plaintiff Cannot Establish Willfulness**</u>

An FCRA violation is willful where it is made knowingly or with reckless disregard for the Act's requirements.  *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56-60 (2007).  A CRA acts in "reckless disregard" of the FCRA where its actions involve "an unjustifiably high risk of harm that is either known or so obvious that it should be known."  *Id.* at 68 (internal quotation marks omitted).

At her deposition, Plaintiff repeatedly conceded that she does not believe Experian's conduct was willful, but rather negligent.  *See* Maury Decl., **Exhibit B** at 51:4–12 ("I believe they were complicit by negligence or by omission. . . . Intention would speak to you, you know, coming after me for what reason. I don't know about that.  I don't know.  I don't know."); *id.* at 77:16–22 ("By their credit reporting, by their erroneous, incorrect, inaccurate, negligent credit reporting."); *id.* at 125:7–14 ("I believe it was negligence on their part, yes.  But I don't know them and they  don't know me. . . .  I believe they were negligent.").  Plaintiff's concessions alone warrant summary judgment to Experian on her willfulness claims.

Moreover, nothing in the record establishes that Experian intentionally or recklessly violated the FCRA.  Plaintiff's testimony confirms as much.  *See* Maury

Decl., **Exhibit B** at 47:10–11, 17–18 ("I don't know if it was neglectful, I don't know what it was."); *id.* at 47:10–13 ("I cannot speak to Experian's intentions or not. That still would be speculation").   Furthermore, a willfulness claim under the FCRA requires evidence of a defendant's "mental state."  *Braun v. Client Servs., Inc.*, 14 F. Supp. 3d 391, 397 (S.D.N.Y. 2014).  Yet Plaintiff adduces no evidence of Experian's mental state, instead relying only on generic and conclusory statements, none of which identify any specific action by Experian, much less a mental state that would rise to the level of knowing or reckless disregard of the FCRA.  *See* Maury Decl., **Exhibit N** at Rog. Resp. Nos. 11–13 (noting only that "Plaintiff reasonably believes" that Experian violated the FCRA).  That is not enough to establish willfulness.  *See Abbink v. Experian Info. Sols., Inc.*, 2019 WL 6838705, at *5 (C.D. Cal. Sept. 20, 2019) ("Merely stating that the violation was 'willful' or 'negligent' is insufficient" to prove willfulness.") (collecting cases); *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."); *Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993), *modified*, 14 F.3d 583 (11th Cir. 1994) ("Conclusory allegations or evidence setting forth legal conclusions are insufficient to meet the plaintiff's burden.").

Because Plaintiff repeatedly conceded at her deposition that Experian did not act willfully, and she cannot otherwise proffer any evidence that Experian

willfully violated the FCRA, Experian is entitled to summary judgment on Plaintiff's willfulness claims.

### B.      Plaintiff Cannot Establish Actual Damages

Plaintiff broadly alleges several categories of actual damages: (1) credit and employment denials; (2) lost credit opportunities; (3) increased insurance and interest rates; and (4) emotional distress.  (*See* D.E. 1 at ¶ 23.)  But Plaintiff offers no concrete evidence to substantiate her allegations, instead relying on conjecture and speculation.  This warrants summary  judgment for Experian.

To sustain a negligence claim under the FCRA, a plaintiff must "shoulder[] the burden of demonstrating the existence of damages resulting from an alleged FCRA violation."  *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253, 1262–63 (S.D. Fla. 2009).  "[T]he failure of an FCRA plaintiff 'to produce evidence of damage resulting from a FCRA violation mandates summary judgment.'"  *Id.* (quoting *Nagle v. Experian Info. Sols., Inc.*, 297 F.3d 1305, 1307 (11th Cir. 2002)); *see also Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 826 (11th Cir. 2009) (noting a plaintiff must show an "inaccurate report was a causal factor" of actual damages).

Here, Plaintiff fails to proffer any evidence to substantiate her allegations, let alone show that Experian's reporting of the PCMS Accounts—as opposed to any other possible cause—was ***the cause*** of any of her purported damages. Indeed, Plaintiff produced zero documents to support her allegations of credit and

- 21 -

employment denials and other credit-related damages.  Instead, during her deposition, Plaintiff made nothing more than general and conclusory assertions replete with assumptions, inconsistencies, and contradictions.  *See, e.g.*, Maury Decl., **Exhibit B** at 79:24–80:15, 81:15–21, 82:17–22, 93:17–94:4, 97:18–25, 98:2–13 (credit denials); *id.* at 85:7–16, 87:12–14 (employment denials); *id.* at 78:25–80:3 (lost credit opportunities); *id.* at 90:10–19, 91:22–25, 92:1–10 (insurance rates); *id.* at 96:17–22, 97:7–11 (interest rates).  This is not enough.  *See Lee v. Sec. Check, LLC,* 2010 WL 3075673, at *13 (M.D. Fla. Aug. 5, 2010) (dismissing claims for damages resulting from denial of credit and lost credit opportunities as "purely speculative and not recoverable" where plaintiff "offered no proof that he could have received a lower rate somewhere else but for the erroneous information in his credit report") (citing *Casella v. Equifax Credit Info., Servs.*, 56 F.3d 469, 475 (2d Cir. 1995) (ruling "lost opportunity" damages alleged "were too speculative")); *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253, 1265 (S.D. Fla. 2009) (ruling plaintiff's suggestion that he refrained from applying for credit "out of a concern that a rejected credit application would further harm his credit rating" was "too speculative to withstand summary judgment").

Plaintiff also fails to put forth sufficient evidence of her alleged emotional distress damages.  To recover such damages, Plaintiff must offer more than self-serving testimony.  Rather, "testimony of emotional distress must be coupled with

- 22 -

additional evidence [of] . . . some kind of actual or genuine injury." *Rambarran*, 609 F. Supp. 2d at 1268; *see also Taylor v. Corelogic Saferent, LLC*, 2014 WL 11930592, at *7 (N.D. Ga. Oct. 23, 2014) (noting a plaintiff must "show proof of an actual injury, such as evidence of the injured party's conduct and observations of others" to establish emotional distress damages under the FCRA) (quoting *Jordan v. Trans Union LLC*, 2006 WL 1663324, at *7 (N.D. Ga. June 12, 2006)); *see also Sampson v. Equifax Info. Services, LLC*, 2005 WL 2095092, at *5 (S.D. Ga. Aug. 29, 2005) (noting a plaintiff "must produce some form of independent, corroborating evidence of her humiliation and embarrassment" to establish emotional distress damages under the FCRA).[4]   Plaintiff's vague, general, conclusory, and uncorroborated testimony regarding emotional distress, *see* Maury Decl., **Exhibit B** at 100:5–19, 101:25–103:7, falls well short of meeting her evidentiary burden.

In short, Plaintiff proffers no documentary evidence to support any of her allegations of actual damages, let alone show that Experian's reporting of the PCMS Accounts was ***the cause*** of any of her purported damages.   Therefore, Experian is also entitled summary judgment on Plaintiff's negligence claims.

---

[4] These evidentiary requirements have been established because, as the Seventh Circuit has recognized, claims for emotional damages "are so easy to manufacture." *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971 (7th Cir. 2004) (noting that when a plaintiff's "own testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail; he cannot rely on mere conclusory statements").

## CONCLUSION

For all these reasons, Experian respectfully requests that the Court grant this motion and enter summary judgment in favor of Experian on all claims.

Dated: January 7, 2021                                   Respectfully submitted,


                                                         */s/ Kyle J. Maury*
                                                         Kyle J. Maury
                                                         Fla. Bar No. 1021684
                                                         JONES DAY
                                                         600 Brickell Avenue, Suite 3300
                                                         Miami, FL 33131
                                                         Telephone: (305) 714-9700
                                                         Facsimile: (305) 714-9799
                                                         Email: kmaury@jonesday.com

                                                         *Attorney for Defendant*
                                                         *Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2021, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

*/s/ Kyle J. Maury*
Kyle J. Maury

*Attorney for Defendant*
*Experian Information Solutions, Inc.*