UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELIA FOWLER,

     Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC. and PREFERRED
COLLECTION AND MANAGEMENT
SERVICES, INC.,

     Defendants.

Case No. 8:21-cv-01038-WFJ-AAS

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Paragraph 7(b) of the Court's Case Management and Scheduling Order, Defendant Experian Information Solutions, Inc. ("Experian"), through undersigned counsel, submits this Statement of Undisputed Facts in Support of its Motion for Summary Judgment, filed concurrently herewith.

### PLAINTIFF'S LAWSUIT AGAINST EXPERIAN

1.    On April 30, 2021, Plaintiff Angelia Fowler ("Plaintiff") filed the underlying lawsuit against Experian and alleges that Experian violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").  Declaration of Kyle J.

- 1 -

Maury ("Maury Decl."), **Exhibit A,** Complaint.[1]

2.     This is Plaintiff's first lawsuit under the FCRA.   Maury Decl., **Exhibit B**, Transcript of Deposition of Plaintiff Angelia Fowler ("Fowler Depo.") at 21:20–23.

3.     Plaintiff believes Experian's reporting of the Preferred Collection and Management Services, Inc. ("PCMS") accounts is inaccurate under the FCRA because she "is not responsible for the PCMS Accounts."   Maury Decl., **Exhibit A,** Complaint at ¶ 12.

## ORIGINATION OF THE DEBTS

4.     In November 2015, Plaintiff was admitted at St. Mary's Medical Center in West Palm Beach, Florida, where she stayed for thirty-two days while receiving treatment for pneumonia.  Maury Decl., **Exhibit B**, Fowler Depo. at 28:7-24, 29:13-16.

5.     While admitted at St. Mary's, Plaintiff received medical services from "rounding physicians" on 28 different days between November 15, 2015 and December 14, 2015.  Maury Decl., **Exhibit C**, Transcript of Deposition of Matthew Kiefer ("Kiefer Depo") at 10:8–11:3; Maury Decl., **Exhibit D**, Preferred Collection and Management Services, Inc.'s Verified Answers to Plaintiff's First Set of

---

[1] True and correct copies of the exhibits cited herein are attached to the accompanying Declaration of Kyle J. Maury.

Interrogatories ("PCMS Rog. Resps.") at Rog. No. 8; Maury Decl., **Exhibit E**, Affidavit of Raj Shah ("Shah Affidavit") at ¶ 6 & Exhibit B.

6.    The "rounding physicians" outsourced collection of payment for the medical services rendered by the rounding physicians to Plaintiff at St. Mary's to Incare Medical Services, Inc. ("Incare"), a company that performs medical billing services.  Maury Decl., **Exhibit C**, Kiefer Depo. at 10:8–11:3, 25:6–13; Maury Decl., **Exhibit E**, Shah Affidavit at ¶¶ 5–6 & Exhibits A–B.

7.    In performing its billing services on behalf of the rounding physicians, Incare created 28 accounts—one for each of the 28 days that Plaintiff received medical services from the rounding physicians while at St. Mary's. Maury Decl., **Exhibit C**, Kiefer Depo. at 24:17–25:13; Maury Decl., **Exhibit D**, PCMS Rog. Resps. at Rog. No. 8; Maury Decl., **Exhibit E**, Shah Affidavit at ¶¶ 5–6 & Exhibits A–B.

## ASSIGNMENT OF THE DEBTS

8.    Plaintiff never paid for the medical services she received from the rounding physicians.  Maury Decl., **Exhibit B**, Fowler Depo. at 30:11–22; Maury Decl., **Exhibit C**, Keifer Depo. at 5:19–6:15; Maury Decl., **Exhibit E**, Shah Affidavit at ¶ 8; Maury Decl., **Exhibit F**, Transcript of Deposition of Christina Hamilton ("Hamilton Depo.") at 61:19–22.

9.    On December 12, 2016, Incare assigned the outstanding 28 accounts

to Defendant Preferred Collection and Management Services, Inc. ("PCMS") for collection from Plaintiff.  Maury Decl., **Exhibit C**, Keifer Depo. at 12:4–9; Maury Decl., **Exhibit D,** PCMS Rog. Resps. at Rog. Nos. 4, 8; Maury Decl., **Exhibit E**, Shah Affidavit at ¶ 8.

10.    At the time of assignment, Incare provided PCMS with certain information related to each account, including Plaintiff's name, date of birth, Social Security Number, and current address, as well as the dates of services and the outstanding balances due.  Maury Decl., **Exhibit C**, Keifer Depo. at 10:8–18, 11:4–19, 37:1–15; Maury Decl., **Exhibit D,** PCMS Rog. Resps. at Rog. Nos. 8, 16; Maury Decl., **Exhibit E**, Shah Affidavit at ¶ 9.

### **REPORTING OF THE DEBTS TO EXPERIAN**

11.    In May 2017, PCMS began reporting to Experian the debts Plaintiff incurred related to the unpaid medical services she received from the rounding physicians at St. Mary's.  Maury Decl., **Exhibit C**, Keifer Depo. at 11:20–25.

12.    At that time, PCMS provided Experian with certain identifying information for Plaintiff, including her name, date of birth, Social Security Number, and current address.  Maury Decl., **Exhibit F**, Hamilton Depo. at 62:15–63:11.

13.    The identifying information provided to Experian by PCMS matched the existing identifying information that Experian had on file for Plaintiff.  Maury

Decl., **Exhibit F**, Hamilton Depo. at 63:12–15.

14.     Experian displayed the accounts from PCMS on Experian's credit file for Plaintiff.  Maury Decl., **Exhibit F**, Hamilton Depo. at 66:16–19.

15.     The name, date of birth, and Social Security Number for Plaintiff that PCMS provided to Experian were accurate.  Maury Decl., **Exhibit B**, Fowler Depo. at 8:22–9:11; Maury Decl., **Exhibit G**, PCMS's Automated Credit Dispute Verification Responses to Experian ("PCMS ACDV Resps."), EXP-FOWLER-002080–EXP-FOWLER-002107.

16.     Experian reported that Incare was the "original creditor" of the debts reflected in the PCMS accounts.  Maury Decl., **Exhibit H**, Experian's November 16, 2017 Reinvestigation Results, EXP-FOWLER-001848–EXP-FOWLER-001856.

## PLAINTIFF'S DISPUTES OF THE DEBTS

17.     On October 25, 2017, each PCMS account was reporting in "collection" status, and identified "INCARE MEDICAL SERVICES INC." as the "original creditor."  Maury Decl., **Exhibit I**, Plaintiff's October 25, 2017 Experian Consumer Disclosure,  EXP-FOWLER-002029–EXP-FOWLER-002047.

18.     Around November 2017, Plaintiff discovered the PCMS accounts were reporting on her Experian credit file.  Maury Decl., **Exhibit B**, Fowler Depo. at 55:8–21.

19.     Upon discovering the PCMS accounts on her Experian credit file,

Plaintiff went onto Experian's website and disputed the PCMS accounts online. Maury Decl., **Exhibit B**, Fowler Depo. at 55:18–59:9.

20.    On October 25, 2017, in response to Plaintiff's online dispute, Experian submitted Automated Credit Dispute Verifications ("ACDVs") to PCMS, which requested that PCMS investigate the PCMS accounts.    Maury Decl., **Exhibit G**, PCMS ACDV Resps. at EXP-FOWLER-002080–EXP-FOWLER-002092.

21.    After receiving PCMS's ACDV responses, Experian updated the reporting of the PCMS accounts and then, on November 16, 2017, mailed Experian's reinvestigation results to Plaintiff, which informed her that the PCMS accounts were verified as accurate and updated.    Maury Decl., **Exhibit H**, Experian's November 16, 2017 Reinvestigation Results, EXP-FOWLER-001840–EXP-FOWLER-001861.

22.    Plaintiff received Experian's November 16, 2017 reinvestigation results of her disputes of the PCMS accounts.    Maury Decl., **Exhibit B**, Fowler Depo. at 53:8–18, 54:13–25, 56:10–15.

23.    On May 16, 2019, each PCMS account was reporting in "collection" status, and identified "INCARE MEDICAL SERVICES INC." as the "original creditor."    Maury Decl., **Exhibit J**, Plaintiff's May 16, 2019 Experian Consumer Disclosure, EXP-FOWLER-001401–EXP-FOWLER-001407.

24.    On May 18, 2019, Plaintiff disputed the PCMS accounts with Experian

- 6 -

for a second time.  Maury Decl., **Exhibit A**, Complaint at ¶ 15.

25.    On January 28, 2021, each PCMS account was reporting in "collection" status, and identified "INCARE MEDICAL SERVICES INC." as the "original creditor."  Maury Decl., **Exhibit K**, Plaintiff's January 28, 2021 Experian Consumer Disclosure, EXP-FOWLER-001591–EXP-FOWLER-001597.

26.    On January 28 2021, Plaintiff disputed the PCMS accounts with Experian for a third time.  Maury Decl., **Exhibit A**, Complaint at ¶ 17.

27.    In response to each dispute, Experian initiated its reinvestigation processes and sent Plaintiff the results of Experian's reinvestigations of the PCMS accounts, which verified Experian's reporting as accurate.  Maury Decl., **Exhibit L**, Experian's May 27, 2019 Reinvestigation Results, EXP-FOWLER-001868–EXP-FOWLER-001889; Maury Decl., **Exhibit M**, Experian's February 26, 2021 Experian Reinvestigation Results, EXP-FOWLER-001948–EXP-FOWLER-001961.

28.    Plaintiff received the May 27, 2019 reinvestigation results from Experian.  Maury Decl., **Exhibit B**, Fowler Depo. at 62:17–22,

29.    Plaintiff received the February 26, 2021 reinvestigation results from Experian.  Maury Decl., **Exhibit B**, Fowler Depo. at 63:24–64:4.

## DAMAGES

30.    Plaintiff's position is that she "reasonably believes" that Experian violated § 1681e(b) and § 1681i(a) of the FCRA. Maury Decl., **Exhibit N**, Plaintiff's

- 7 -

Verified Answers to Defendant Experian's First Set of Interrogatories ("Plaintiff's Rog. Resps.") at Rog. Resp. Nos. 11–13.

31.      Plaintiff's testified that Experian's conduct was negligent, not willful. Maury Decl., **Exhibit B**, Fowler Depo. at. 47:10–13, 43:17–18, 51:4–12, 63:24–64:4, 77:16–22, 125:7–14.

Dated: January 7, 2021                    Respectfully submitted,

*/s/ Kyle J. Maury*
Kyle J. Maury
Fla. Bar No. 1021684
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799
Email: kmaury@jonesday.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2021, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

*/s/ Kyle J. Maury*
Kyle J. Maury

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

- 9 -