**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANGELA FOWLER,

      Plaintiffs,

v.                                                                  Case No. 8:21-CV-01038-WFJ-AAS

EXPERIAN INFORMATION SOLUTIONS, INC.
and PREFERRED COLLECTION AND
MANAGEMENT SERVICES, INC,

      Defendants.

_____/

**PLAINTIFF'S STATEMENT OF DISPUTED FACTS FOR HER RESPONSE IN OPPOSITION TO DEFENDANT PREFERRED COLLECTION AND MANAGEMENT SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT**

In accordance with this Court's June 29, 2021 Case Management and Scheduling Order, Plaintiff Angelia Fowler ("Plaintiff" or "Fowler") hereby submit her response to the Statement of Disputed Facts in opposition to Defendant Preferred Collection Management Solutions, Inc.'s ("Defendant" or "PCMS") Statement of Undisputed Facts in Support of its Motions for Summary Judgment [Dkt. 21-1] as follows:

1.      **Admitted**.

2.      **Admitted in part, Denied in part.** Plaintiff admits that the Incare Medical Services, Inc. ("Incare") assigned to PCMS the accounts allegedly belonging to Plaintiff on or about December 12, 2016; however, Incare assigned 28 accounts to PCMS, not 13. [Dkt. 23-9, Bates Nos. EXP-FOWLER-002081-002107; Dkt. 23-10, Bates Nos. EXP-FOWLER-001843-001845].

3.      **Denied**. While the testimony cited by Defendant supports that Incare provided services for "rounding physicians," the testimony cited by Defendant does not support the claim

that Incare was providing "rounding services" at St. Mary's Medical Center ("St. Mary's"). [See Dkt. 23-5, 10:12-18; Dkt. 23-7, ¶5].

4.    **Denied**. PCMS has no copy of the alleged "validation" letter it allegedly sent to Plaintiff. [Dkt. 23-5, 12:6-19]. Plaintiff denies that she ever received any documents and/or phone calls from PCMS. [Dkt. 23-4, 32:9-12; 75:9-17]. In addition, Plaintiff sent letters and tried to call PCMS to dispute the reporting once she saw that the PCMS accounts were being reported on her credit, but PCMS never responded to her attempts to dispute. [Dkt. 23-4, 32:13-33:2, 33:15-22].

5.    **Admitted**.

6.    **Admitted in part, denied in part**. Plaintiff denies she only disputed 13 of the PCMS accounts in October 2017, she in fact disputed 28 accounts that PCMS was reporting she was responsible for to Experian and Equifax in October 2017. [Dkt. 23-4, 55:8-21, 64:14-65:4; Dkt. 23-9, Bates Nos. EXP-FOWLER-002081-002107; Dkt. 23-10, Bates Nos. EXP-FOWLER-001843-001845].

7.    **Denied**. The chart provided by Defendant is inaccurate and contains no citation to record evidence, and thus, should be stricken.[1] Plaintiff disputed the Incare account assigned to PCMS as follows:

    a.  In October 2017, Plaintiff disputed with Experian and Equifax the reporting regarding 28 PCMS accounts (accounts ending #3116, #3128, #3160, #3181, #3218, #3250, #3280, #3323, #3344, #3378, #3418, #3444, #3484, #3676, #3712, #3735, #3776, #3801, #3832, #3877, #3925, #3963, #3990, #4019, #4039, #4071, #4632, and #4650) which were being reported on her credit file

---

[1] *Jones v. Coty Inc.*, 362 F. Supp. 3d 1182, 1196 (S.D. Ala. 2018) ("To the extent that plaintiffs have asserted facts in their briefs without factual support or citation to the record, the appropriate course of action is to disregard those statements.").

and reports. [Dkt. 23-4, 55:8-21, 64:14-65:4; Dkt. 23-9, Bates Nos. EXP-FOWLER-002081-002107; Dkt. 23-10, Bates Nos. EXP-FOWLER-001843-001845]. Based upon the information provided by PCMS in response to Plaintiff's dispute, Experian deleted 15 of the 28 PCMS accounts (accounts ending in #3116, #3128, #3160, #3181, #3218, #3250, #3280, #3676, #3712, #3735, #3776, #3801, #3832, #3877, and #3925) being reported on Plaintiff's credit file and reports. [Dkt. 23-10, Bates Nos. EXP-FOWLER-001843-001845].

b. In May 2019, Plaintiff disputed with Experian the reporting regarding the remaining 13 PCMS accounts (accounts ending #3323, #3344, #3378, #3418, #3444, #3484, #3963, #3990, #4019, #4039, #4071, #4632, and #4650) still being reported on her credit file and reports. [Dkt. 23-4, 57:3-21; 68:15-17; Dkt. 23-12, Bates Nos. EXP-FOWLER-001401-001407].

c. In January and February 2021, Plaintiff again disputed with Experian the reporting regarding the remaining 13 PCMS accounts (accounts ending #3323, #3344, #3378, #3418, #3444, #3484, #3963, #3990, #4019, #4039, #4071, #4632, and #4650) still being reported on her credit file and reports. [Dkt. 23-4, 62:24-63:23; 68:15-17; Dkt. 23-13, Bates Nos. EXP-FOWLER-001591-001157]. However, Experian only sought reinvestigation of 2 of the 13 remaining PCMS accounts on her credit file even though her letter disputed all 13 PCMS accounts still being reported by Experian on her credit file and reports. [Dkt. 23-8, 70:16-71:13].

d. In April 2021, Plaintiff once again disputed with Experian the reporting regarding the remining 13 PCMS accounts (accounts ending #3323, #3344, #3378, #3418, #3444, #3484, #3963, #3990, #4019, #4039, #4071, #4632, and #4650) still being reported on her credit file and reports. [Dkt. 23-8, 43:2-4].

8.    **Denied**. In October/November 2017, Plaintiff disputed with Experian the reporting regarding 28 PCMS accounts (accounts ending #3116, #3128, #3160, #3181, #3218, #3250, #3280, #3323, #3344, #3378, #3418, #3444, #3484, #3676, #3712, #3735, #3776, #3801, #3832, #3877, #3925, #3963, #3990, #4019, #4039, #4071, #4632, and #4650) which were being reported on her credit file. [Dkt. 23-4, 55:8-21, 64:14-65:4; Dkt. 23-9, Bates Nos. EXP-FOWLER-002081-002107; Dkt. 23-10, Bates Nos. EXP-FOWLER-001843-001845]. Based upon the information provided by PCMS in response to Plaintiff's dispute, Experian deleted 15 of the 28 PCMS accounts (accounts ending in #3116, #3128, #3160, #3181, #3218, #3250, #3280, #3676, #3712, #3735, #3776, #3801, #3832, #3877, and #3925) being reported on Plaintiff's credit file and reports. [Dkt. 23-10, Bates Nos. EXP-FOWLER-001843-001845].,

9.    **Admitted in part, denied in part**. Plaintiff admits in October 2017 she selected "Not His/Hers" as the dispute code from the drop-down menu provided by Experian's online reporting tool and states that, for each account, she added the comment that "I HAVE NEVER RECEIVED SERVICES FROM THIS COMPANY AND I HAVE NO KNOWLEDGE OF THIS ACCOUNT NEVER AGREED TO PAY". [Dkt. 23-9, Bates Nos. EXP-FOWLER-002081-002107]. In addition, Plaintiff denies she disputed only 13 accounts in October 2017, as she disputed with Experian the reporting regarding 28 PCMS accounts (accounts ending #3116, #3128, #3160, #3181, #3218, #3250, #3280, #3323, #3344, #3378, #3418, #3444, #3484, #3676, #3712, #3735, #3776, #3801, #3832, #3877, #3925, #3963, #3990, #4019, #4039, #4071, #4632, and

#4650) which were being reported on her credit file and reports. [Dkt. 23-4, 55:8-21, 64:14-65:4, 130:12-131:9; Dkt. 23-5, 18:2-13; Dkt. 23-9, Bates Nos. EXP-FOWLER-002081-002107; Dkt. 23-10, Bates Nos. EXP-FOWLER-001843-001845]. In response, all PCMS did to investigate Plaintiff's dispute was to verify the demographic information for the accounts and PCMS did no further investigation beyond that. [Dkt. 23-5, 28:1-6].

10.    **Admitted**.

11.    **Denied**. This claim contradicts the testimony of PCMS's corporate representative who testified that all the disputes PCMS received from credit reporting agencies regarding Plaintiff's disputes of the PCMS accounts was for code "001" which meant "not his or hers." [Dkt. 23-5, 27:22-25].

12.    **Admitted with clarification**. On January 28 2021, Plaintiff again disputed with Experian, via its online tool and via letter, the reporting on the 13 PCMS accounts remaining on her credit file and selected as the code "not his or hers". [Dkt. 23-4, 62:24-63:23; 68:15-17]. However, in response, Experian only sought reinvestigation of two (2) of the thirteen (13) remaining PCMS accounts on her credit file even though her letter disputed all thirteen (13) PCMS accounts still being reported by Experian on her credit file. [Dkt. 23-8, 70:16-71:13].

13.    **Admitted with clarification.** Plaintiff admits she sent the May 18, 2019 letter to PCMA and Experian but denies that the May 18, 2019 letter she sent Experian has been submitted in support of Defendant's Motion for Summary Judgment.

14.    **Admitted with clarification**. PCMS received dispute letters from Plaintiff in May 2019 regarding the PCMS accounts being reported on her credit file via certified mail and via e-OSCAR from Experian. [Dkt. 23-5, 22:5-16]. The letter (1) requested a breakdown of fees (including any and all collection costs and medical charges) and copies of full the documentation

provided by the original creditor regarding the debts and (2) warned that she had not provided permission under HIPPA for the sharing of her medical information. [Dkt. 21-9, pg. 5-7].

15.    **Admitted**.

16.    **Admitted**.

17.    **Denied**. Plaintiff denies that the January 28, 2021 letter she sent Experian has been submitted in support of Defendant's Motion for Summary Judgment.

18.    **Admitted.**

19.    **Admitted.**

20.    **Denied.** Plaintiff denies Defendant's legal conclusion that her actual damages are limited by law to those identified in Paragraph #20.

21.    **Admitted**.

22.    **Admitted**.

23.    **Admitted**.

24.    **Admitted**.

25.    **Admitted with clarification**. Fowler submitted online each of her disputes with Experian regarding the PCMS accounts (where she used the drop-down menu to select a generic dispute code), but each time Plaintiff disputed with Experian online she also sent a letter regarding her dispute to Experian as well. [Dkt. 23-4, 68:15-17, 130:12-131:9].

26.    **Admitted**.

27.    **Admitted**.

28.    **Admitted with clarification**. Plaintiff was advised that she was denied the position with Mass Mutual Insurance ("Mass Mutual") because they had pulled her credit report and found she had "open collections" and none of the other credit reporting agencies other than Experian

were reporting the PCMS accounts she was disputing with Experian on her credit file. [Dkt. 23-4, 85:17-87:14].

29.      **Admitted**.

30.      **Admitted**.

31.      **Denied**. Plaintiff was also denied employment American General Life Insurance due to the erroneous credit reporting of Defendants. [Dkt. 23-16, Response to Interrogatory #17].

32.      **Admitted with clarification**. Plaintiff applied for automobile insurance with Progressive Insurance ("Progressive") in 2019 and 2020. [Dkt. 23-4, 89:10-11].

33.      **Denied.** Plaintiff was initially denied insurance with Progressive Insurance but was later able to be insured by Progressive, but at a substantially increased rate from her previous rate. [Dkt. 23-16, Response to Interrogatory #20 – Request #4]. Plaintiff was also denied insurance by State Farm Insurance and Infinity Insurance. [Dkt. 23-16, Response to Interrogatory #20 – Request #3].

34.      **Admitted with clarification.** Plaintiff was initially denied insurance with Progressive Insurance but was later able to be insured by Progressive, but at a substantially increased rate from her previous rate. [Dkt. 23-16, Response to Interrogatory #20 – Request #4]. Progressive orally advised her that the increased insurance rate was due to "open collections" in her credit reporting [Dkt. 23-4, 92:8-20].

35.      **Admitted with clarification**. Plaintiff's driving record include one (1) at-fault accident that occurred over three (3) years before she applied to Progressive for automobile insurance. [Dkt. 23-4, 91:2-13].

36.      **Admitted**.

37.    **Denied**. Plaintiff is not claiming she "suffered loss of credit" because a current credit account she had was closed, Plaintiff is claiming that she "suffered a loss of credit" because she could not be approved for new credit opportunities due the erroneous credit reporting by Defendants, including being denied credit card with JC Penny in 2019. [Dkt. 23-16, Response to Interrogatory #20 – Request #2].

38.    **Admitted**.

39.    **Denied.** Plaintiff was denied new credit opportunities due the erroneous credit reporting by Defendant, including being denied credit card with JC Penny in 2019. [Dkt. 23-16, Response to Interrogatory #20 – Request #2; Dkt. 23-4, 93:17-94:4]. She also applied for a credit card and was only approved for a secured credit card which required a deposit. [Dkt. 23-4, 96:17-97:6]. The lenders she applied for credit with advised her that she was being denied credit due to "open collections" and "low credit score." [Dkt. 23-4, 98:9:-13]. Plaintiff testified that as soon as the 13 PCMS accounts were finally removed from her credit file and reports by Experian in 2021, she began to be offered credit opportunities again. [Dkt. 23-4, 98:17-99:8]. Experian was reporting all of the PCMS as open accounts in "collection" from November 2017 through when accounts were removed in 2021 [Dkt. 23-12, EXP-FOWLER 001402-001407; Dkt. 23-13, EXP-FOWLER 001592-001597]. None of the other credit reporting agencies other than Experian were reporting the PCMS accounts in 2019 and/or 2021. [Dkt. 23-4, 85:17-87:14].

40.    **Admitted**.

41.    **Admitted with clarification**. Plaintiff admits that the credit reporting situation with PCMS and Experian has caused her emotional distress, pain, anguish and humiliation and has manifested itself in the form of PTSD; however, these feelings have also manifested themselves in the form of sleeplessness, heart palpitations, feelings of being sick/ill, crying, feelings of intense

anger and sadness, depression, irritability, fear and hopelessness, concern for her ability to provide for herself, among other emotions. [Dkt. 23-16, Response to Interrogatory #18]. Starting in 2020, Plaintiff has been receiving weekly therapy/PTSD counseling from therapist Catherine Doe. [Dkt. 23-4, 109:14-110:13]. She did not see a therapist before the PCMS reports were reported on her account. [Dkt. 23-4, 111:16-20]. Plaintiff testified that she has been going to PTSD therapy solely because of the credit reporting issue [Dkt. 23-4, 101:25-102:11]

42.    **Admitted**.

43.    **Admitted**.

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2022 a true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system. The CM/ECF system will forward a Notice to all interested parties.

Respectfully Submitted,

*s/Dennis A. Creed, III*
Dennis A. Creed, III, Esq.
Florida Bar No. 0043618
Email: dcreed@creedlawgroup.com
Creed Law Group, PLLC d/b/a Creed & Hall
13043 West Linebaugh Avenue
Tampa, FL 33626
Telephone: (813) 444-4332
Fax: (813) 441-6121

and:
Christopher William Edwin Boss
Bar #13183
Boss Law
2100 4th St N
Saint Petersburg, FL 33704-4312
Office: 727-471-0039
Fax: 888-449-8792
cwbservice@bosslegal.com
*Attorneys for Plaintiff*